IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ALBERT KIETH SMITH**                                                                                     **PETITIONER**
ADC #133395

v.                               CASE NO.: 5:07CV00310-BD

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                                                **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

**I.     Procedural History:**

Albert Kieth Smith, an Arkansas Department of Correction ("ADC") inmate, brings this petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254. For the reasons that follow, Petitioner's petition is dismissed.

**II.    Background:**

In 2005, a jury found Petitioner guilty of capital murder and kidnaping and sentenced him to a prison term of life, without parole, and a term of forty years. At the close of the State's case and at the close of the trial, Petitioner's counsel moved for a directed verdict "'on insufficiency of the evidence.'" *Smith v. State*, 367 Ark. 274, 282, 239 S.W.3d 494, 501 (2006). The trial court denied both motions. *Id*.

On direct appeal of his conviction, Petitioner argued the trial court erred by: (1) failing to grant his motion for directed verdict challenging the sufficiency of the evidence, (2) failing to dismiss for lack of jurisdiction; (3) allowing un-redacted custodial

statements made by Petitioner into evidence; (4) failing to instruct the jury with regard to evidence that was not admitted for the truth of the matter asserted; and (5) permitting the State to introduce testimony and exhibits he claims consisted of "prior bad acts." *Id*. at 282-87.  The Arkansas Supreme Court ruled that Smith's sufficiency of the evidence argument was not preserved for appeal, and that his jurisdiction argument had no merit. The Court further ruled that the trial court did not err by allowing custodial statements into evidence, by failing to instruct the jury at the close of the evidence that some evidence was only to be considered for purposes other than the truth of the matter asserted, and did not abuse its discretion by admitting evidence Petitioner contends was evidence of "prior bad acts." *Id*. at 284-87.

After the Arkansas Supreme Court affirmed his conviction on direct appeal, Petitioner attempted to file a petition for post-conviction relief with the trial court. (#2 at p. 113)  The trial court dismissed the petition for lack of jurisdiction. (#2 at p. 132) Arkansas Rule of Criminal Procedure 37.1(d) requires a petitioner to verify a Rule 37 petition. *Smith v. State*, No. CR 07-241, 2007 WL 1448707 at *1 (May 17, 2007).  The petition filed by Petitioner, within the time allowed under Rule 37, was not verified. *Id*. Petitioner subsequently filed a "Certificate of Verification." *Id*.  However, the trial court found that it was not filed until after the sixty-day time limit provided under the Rule. *Id*. Accordingly, it dismissed the petition for lack of jurisdiction.  Petitioner appealed the trial

court's denial of his Rule 37 petition. The Arkansas Supreme Court, however, affirmed. *Id*. at *2.

Petitioner raises the following claims for relief in the instant petition:

1. Jurisdictional errors including: (a) the trial court erred in failing to dismiss for lack of jurisdiction (#2 at p. 5); and (b) the trial court erred in failing to submit the jurisdictional issue to the jury as a matter that must be proven beyond a reasonable doubt. (#2 at p. 5)

2. The trial court erred in failing to direct a verdict in Petitioner's favor based on insufficiency of the evidence. (#2 at p. 6)

3. The trial court erred in permitting the State to shift the burden of proof to Petitioner. (#2 at p. 8)

4. The trial court erred in failing to properly instruct the jury with regard to evidence that was not admitted for the truth of the matter asserted. (#2 at p. 10)

5. The trial court erred in permitting the state to introduce evidence of prior bad acts. (#2 at p. 12)

6. Ineffective assistance of counsel at trial and on direct appeal. (#2 at p. 12)

Respondent argues claims 2, 4, and 6 are procedurally defaulted. Respondent contends claims 1(a) and 5 are not cognizable in a federal habeas proceeding because they do not allege a violation of federal law. Further, Respondent argues the Court should defer to the decision of the state court denying relief to Petitioner on claims 1(b) and 3.

III. **Standard of Review**:

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be

set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006)).

IV.  **Analysis of Petitioner's Claims**:

A.  *Procedurally Defaulted Claims*

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).  Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct.  2546, 2565 (1991).  If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

This Court is unable to grant federal habeas relief on a federal claim that the state appellate court declined to address because the petitioner failed to meet a state procedural requirement constituting an "independent and adequate state ground." *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546 (1991)). Federal courts should not consider whether the state court properly applied its default rule to the claim. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997). Federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules except in unusual circumstances. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877 (2002). To be "independent and adequate," a state procedural bar must be "firmly established and regularly followed" by the time it is applied. *Id*. (citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).

    1.    *Sufficiency of the Evidence*

Petitioner claims the trial court should have granted a directed verdict because the State presented insufficient evidence to support his conviction. Petitioner raised this claim on his direct appeal to the Arkansas Supreme Court, but the Court rejected the claim as procedurally barred because the Petitioner failed to preserve the issue for appeal at trial by failing to specifically state a deficiency in the proof on the elements of the offenses. *Smith*, 367 Ark. at 283 (citing *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006)).

Petitioner does not dispute that the Arkansas Supreme Court regularly follows the rule of dismissing arguments not preserved for appeal before the trial court or that this rule is firmly established. Consequently, Petitioner's claim is procedurally defaulted unless he can establish cause and prejudice or miscarriage of justice.

2.  *Failure to Instruct the Jury*

Petitioner also contends that the trial court erred by failing to instruct the jury at the close of the evidence about evidence introduced to the jury but not offered for the truth of the matter asserted. The Arkansas Supreme Court dismissed the argument on direct appeal because it was "not supported by case law" or "convincing argument" in the Appellant's brief. *Smith*, 367 Ark. at 286 (citing *Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004)).

Petitioner does not dispute that the Arkansas Supreme Court's rule dismissing arguments that are not supported by convincing argument or authority is not firmly established or regularly followed. Accordingly, Petitioner's claim is procedurally defaulted unless he can establish cause and prejudice or miscarriage of justice.

3.  *Ineffective Assistance of Counsel*

Petitioner claims his counsel at the trial and on appeal was constitutionally ineffective. Petitioner attempted to bring an ineffective assistance of counsel claim in his Rule 37 petition before the trial court. The trial court, however, dismissed the petition for lack of jurisdiction because Petitioner failed to file a timely, verified petition as required

by Arkansas Rule of Criminal Procedure 37.1(c). Again, Petitioner does not challenge that Arkansas trial courts regularly dismiss unverified Rule 37 petitions. Consequently, Petitioner's ineffective assistance of counsel claims are also procedurally defaulted unless he can establish cause and prejudice or miscarriage of justice.

    4.    *Prior Bad Acts*

Petitioner argues that the trial court erred by admitting certain evidence that should have been excluded under Arkansas Rule of Evidence 404(b) as "prior bad acts."[1] Respondent counters that this claim cannot be the basis for habeas relief because Petitioner is not alleging a violation of a right protected by the United States Constitution. The claim, however, is procedurally barred.

Federal habeas relief is available only on the ground that a person is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Not once, however, throughout the state court post-conviction and appellate process did Petitioner allege a violation of federal or constitutional law in relation to his claim that evidence admitted should have been excluded as evidence of "prior bad acts." See *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (requiring that prisoners "fairly present" the federal nature of their claims in each appropriate state court)

---

[1]The evidence admitted was a briefcase that contained a map of the Southeastern United States, a rope, and a knife; evidence that Petitioner went to Florida where one of his ex-wife's internet contacts lived; and that the internet contact had received email about Petitioner's ex-wife by a person with a "jccart" account name, an account registered on Petitioner's computer. See *Smith*, 367 Ark. at 286.

(citations omitted). To fairly present a federal claim to state courts, a petitioner must have referred to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state courts. *Ford v. Norris*, 364 F.3d 916, 919 (8th Cir. 2004).

In this case, Petitioner cited only to the Arkansas Rules of Evidence and Arkansas case law to support his claim in the state courts. The state courts did not consider whether the trial court had violated any federal rule, or constitutional or statutory right. Instead, they decided the issue based solely on Arkansas law. *Smith*, 367 Ark. at 286-87. Consequently, Petitioner has procedurally defaulted the claim unless he can demonstrate cause for the default and actual prejudice or miscarriage of justice. See *Boysiewick v. Schriro*, 179 F.3d 616, 621 (8th Cir. 1999) (dismissing as procedurally defaulted petitioner's claims that evidence was admitted in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution when petitioner had only raised claims under state evidentiary law on direct appeal).

5.   *Cause and Prejudice*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.

In his amended reply to the response, Plaintiff claims his default was caused by ineffective assistance of counsel, lack of notice about changes to Rule 37, and the Benton County Circuit Clerk's failure to return his unverified petition. (#40 at pp. 2-6) None of these circumstances, however, constitute cause for Petitioner's procedural default.

    a.    Ineffective Assistance of Counsel

"[A] claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996) (quotation omitted). While Petitioner raised his ineffective assistance of counsel claims in his Rule 37 petition, Petitioner's Rule 37 petition was dismissed by the trial court for lack of jurisdiction, and the dismissal was affirmed by the Arkansas Supreme Court. *Smith*, 2007 WL 1448707 at *1. Accordingly, Petitioner has not successfully established ineffective assistance of trial or appellate counsel in order to establish cause for his procedural default.

    b.    Amendments to Arkansas Rule of Criminal Procedure 37.1

Petitioner also argues that he did not file a verified Rule 37 petition because he was unaware of an amendment to Rule 37.1 of the Arkansas Rules of Criminal Procedure. Rule 37.1 was amended effective March 1, 2006 to require that a petition include verification language substantially similar to a form set forth in Rule 37.1(c). Ark. R. Crim. P. 37.1 (2007).

As cause for his default, Petitioner claims the "Arkansas Department of Correction did not notify the inmates of the significant rule change in 2006" to Arkansas Rule of Criminal Procedure 37.1, and there were only two copies of the 2006 edition of the Arkansas Rules of Criminal Procedure with the Amendment to Rule 37.1 included, and he did not have access to one of these and had to rely on a 2005 edition of the rule book. This argument fails for several reasons.

First, prison officials may not deny or obstruct an inmate's access to the courts. *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). A petitioner claiming lack of access to the courts must show that "the lack of a library . . . hindered [his] efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). In this case, Petitioner admits the prison library had two copies of the 2006 edition of the Arkansas Rules of Criminal Procedure for inmates to use. By providing these resources, prison officials met their obligation to allow Petitioner meaningful access to the courts. See *Baker v. Norris*, 321 F.3d 769, 771-72 (limited access to law library with advance sign-up and ignorance of statute's enactment was not cause for default); *Williams v. Norris*, 80 Fed. Appx. 535, 536 (8th Cir. 2003) (lack of access to the law library and inability to consult with legally trained persons was not cause for default when state had provided the prisoner with a form for filing his state post-conviction challenge).

Second, the requirement of verification of a petition under Rule 37.1 was not new with the 2006 amendment. As the Reporter's Note to the 2006 amendment indicates, "Rule 37.1 formerly stated that a petition for postconviction relief had to be 'verified.' The 2006 amendments added subsections (c) and (d) to reduce the likelihood that the verification requirement would be overlooked by the petitioner or the courts." Ark. R. Crim. P. 37.1, Reporter's Note, 2006 Amendment. In the 2005 edition of the Arkansas Court Rules, Rule 37.1(d) provided that a petitioner "may file a *verified* petition in the court which imposed the sentence." Arkansas courts have for many years construed the verification requirement as important to prevent perjury. See *Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002) (per curiam) (verification requirement in Rule 37.1 is "of substantive importance to prevent perjury" and a petition that is not verified may not be filed without leave of the court); *Carey v. State*, 268 Ark. 332, 333, 596 S.W.2d 688, 689 (1980) ("Rule 37.1 requires that motions for postconviction relief be verified and be filed with the court, a requirement of substantive importance to prevent perjury") (citing *Evans v. State*, 242 Ark. 92, 411 S.W.2d 860 (1967)). Accordingly, even under the rule applicable prior to the 2006 amendment, Petitioner was required to file a verified petition.

Finally, Petitioner's argument assumes that prisoners are exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he or she is actually aware of the particular law of which he has run afoul. This is not the case. Prisoners, like other citizens, are presumed to know the law. *Baker v. Norris*, 321 F.3d

769, 772 (8th Cir. 2003) (citations omitted). Further, the Eighth Circuit has consistently rejected claims that ignorance of the law is cause for procedural default. See *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989), cert. denied, 493 U.S. 942 (1989) (ignorance of law does not constitute cause for default); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of proper procedure to file state petition was not cause for tolling the statute of limitations); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law, and of the effect of his voluntary dismissal was not cause). Petitioner's claimed ignorance of the 2006 amendment to Rule 37.1 is not cause for his default.

    c.    Interference by the Benton County Circuit Clerk

Petitioner claims that the Benton County Circuit Clerk's failure to return his unverified petition was cause for his default. "[I]nterference by officials that makes compliance with the State's procedural rule impracticable" may amount to cause. *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991) (internal quotations omitted). The facts of this case, however, do not support an argument that the clerk caused the default. While the rule instructs the clerk not to accept an unverified petition for filing, it does not place upon the clerk an affirmative duty to return the unaccepted petition. Ark. R. Crim. P. 37.1(d) Instead, the rule provides the "circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." *Id*. In this case, the trial court followed the rule by dismissing the petition.

Therefore, the clerk's failure to return the unverified petition cannot be cause for Petitioner's default.

Because Petitioner has not established cause for his failure to raise his claims with the state courts, it is not necessary to reach the question of prejudice.

5.  *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition will result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

In his amended reply, Petitioner claims that the admission of his "prior bad acts" led to "the conviction of a defendant who is actually innocent." (#40 at p. 6) Petitioner has not, however, come forward with any new evidence of actual innocence in order to overcome the procedural default. Thus, Petitioner's sufficiency of the evidence, failure to

instruct the jury, ineffective assistance of counsel, and prior bad acts claims are dismissed for procedural default.

B.     *Jurisdiction of the Trial Court*

Petitioner makes two jurisdictional arguments. First, he claims that the trial court erred by failing to dismiss his case for lack of jurisdiction; and second, he claims it was a violation of his due process rights for the trial court not to submit a jurisdiction question to the jury.[2] Petitioner premises his jurisdictional arguments almost exclusively on Arkansas law.[3] He argues the court did not have jurisdiction because the state did not have "physical evidence" that "placed Mr. Howard's death at a time, date or physical location in the State of Arkansas," and the body was discovered in Oklahoma. (#40 at p. 7)

On direct appeal, the Arkansas Supreme Court noted that Ark. Code Ann. § 5-1-111(a) instructs that jurisdiction is an element that must be proven beyond a reasonable doubt to convict someone of an offense. *Smith*, 367 Ark. at 284. The Court also noted,

---

[2] Respondent argues Petitioner's claim that the trial court erred by failing to dismiss for lack of jurisdiction fails because it does not allege a constitutional violation. Respondent admits, however, the Eighth Circuit has held that federal habeas corpus relief is available when a conviction is void for lack of jurisdiction in the trial court. *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996) (citations omitted). Additionally, Petitioner has filed an amended reply to the response alleging a violation of his due process rights with respect to both of his jurisdictional claims. Accordingly, the Court will address both of Petitioners jurisdictional arguments.

[3] Petitioner does cite to one federal case, *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 354 (2004). He cites it, however, solely for the proposition that the trial court should not have allowed the testimony of the victim's co-worker into evidence.

however, that under Ark. Code Ann. § 5-1-111(b), a presumption in favor of jurisdiction is created where the charge is actually filed by the State. *Id*. citing *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005). Thus, under the statute "before the State is required to put on evidence to prove jurisdiction, there must be positive evidence that the offense occurred outside the jurisdiction of the court." *Id*. The Court stated in this case, "[t]here was no positive evidence presented that the crime actually occurred outside of Arkansas. . . . The record in this case provides ample substantial evidence that, at the very least, the premeditation and deliberation element of capital murder . . . or the act of kidnapping [sic] by deception . . . occurred in Arkansas." *Id*. at 284-85. Accordingly, the Court held that the trial court did not err in failing to dismiss for lack of jurisdiction. *Id*.

The Arkansas Supreme Court's determination that the trial court had jurisdiction is conclusive. See *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996) (holding the state appellate court's determination of whether the trial court was vested with jurisdiction under state law was conclusive) (citations omitted). The Arkansas Supreme Court's decision is not an unreasonable application of clearly established Federal law.[4] Further,

---

[4] Petitioner points to *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068 (1970) and *Sandstrom v. Montana*, 442 U.S. 510, 513, 99 S.Ct. 2450, 2454 (1979) in support of his claim. (#40 at pp. 8-9) Neither case, however, involved a jurisdictional issue or a state statute creating a presumption of jurisdiction. In *Winship* the Supreme Court addressed whether proof beyond a reasonable doubt is required when a juvenile is charged with an act which would constitute a crime if committed by an adult. *Winship* 397 U.S. at 359. In *Sandstrom*, the Supreme Court considered whether a jury instruction about a presumption improperly shifted the burden of proof to the petitioner on the question of his state of mind. *Sandstrom*, 442 U.S. at 521.

its decision is not based on an unreasonable determination of the facts in light of the evidence presented in the State court.

C.   *Burden of Proof*

Petitioner claims the trial court violated his rights under the fifth, sixth and fourteenth amendment to the Constitution by allowing into evidence un-redacted custodial statements he made to investigators. Petitioner claims that by allowing the statements into evidence, the trial court impermissibly shifted the burden of proof to him in violation of his due process rights. Respondent contends that the state courts' determination of the issue was not an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence adduced at trial.

The custodial statements admitted into evidence were statements Petitioner made to investigators after they asked him to convince them that he was not guilty given the evidence they had accumulated. *Smith*, 367 Ark. at 285. The Arkansas Supreme Court found that the admission of the custodial statements did not have the effect of shifting the burden of proof. *Id*. The Court noted that the trial court correctly instructed the jury that the state had the burden of proof beyond a reasonable doubt and that Petitioner was not required to prove his innocence. *Id*.

Petitioner cites *Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970 (1985) in support of his claim. However, *Francis* is not applicable. In *Francis*, the

United States Supreme Court was reviewing a challenge to a jury instruction which the petitioner claimed impermissibly shifted the burden of proof. The Court stated the due process clause "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Id*. The Arkansas Supreme Court's ruling is not contrary to the Court's ruling in *Francis*. In this case, unlike in *Francis*, the Petitioner is not challenging the burden of proof jury instruction given at trial because in this case, unlike in *Francis*, the trial court properly instructed the jury that the State had the burden of proof beyond a reasonable doubt, and that Petitioner was not required to prove his innocence. *Smith*, 367 Ark. at 285.

In reviewing the admissibility of the evidence, the Arkansas Supreme Court applied well established principles of Federal law. In *Oregon v. Elstad*, 470 U.S. 298, 309, 105 S.Ct. 1285, 1293 (1985), the United States Supreme Court held that the test for admissibility of an in-custody statement, made subsequent to *Miranda* warnings, is whether the statement was knowingly and voluntarily made. Applying the same principle, the Arkansas Supreme Court found that since Petitioner was not arguing that the waiver of his *Miranda* rights was made by intimidation, coercion, or deception, the statements were knowingly and voluntarily made and were admissible. *Smith*, 367 Ark. at 285. Accordingly, the Court's ruling was not contrary to or an unreasonable application of

federal law or a based on an unreasonable determination of the facts in light of the evidence.

**V.     Conclusion:**

For the foregoing reasons, Petitioner's petition for writ of habeas corpus (#2) is dismissed with prejudice.

IT IS SO ORDERED this 26th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE