**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ALBERT KIETH SMITH**                                                                                          **PETITIONER**
**ADC # 133395**

**VS.**                                   **NO. 5:07CV00310-BD**

**LARRY NORRIS, Director,
Arkansas Dept. of Correction**                                                            **RESPONDENT**

## ORDER

By Order dated March 26, 2009, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 that challenged Petitioner's conviction for capital murder and kidnaping in the Circuit Court of Benton County, Arkansas. In his habeas corpus action, Petitioner claimed: (1) the trial court lacked jurisdiction; (2) the trial court erred by failing to direct a verdict based on insufficiency of the evidence; (3) the trial court erred by permitting the State to shift the burden of proof to Petitioner; (4) the trial court erred by failing to properly instruct the jury with regard to evidence that was not admitted for the truth of the matter asserted; (5) the trial court erred by permitting the state to introduce evidence of prior bad acts; and (6) ineffective assistance of trial and appellate counsel. This Court denied the petition finding that Petitioner's jurisdiction and burden-shifting claims were without merit and all of Petitioner's remaining claims were procedurally barred.

Petitioner has filed a Motion for a Certificate of Appealability (COA) in which he asks the Court to allow review of whether sufficient cause exists to overcome the

procedural bar in relation to his ineffective assistance of counsel and other procedurally defaulted claims. Petitioner claims that his "constitutional rights to effective assistance of counsel at all stages of the criminal proceedings and on direct appeal of his conviction; his right to an appeal of this criminal conviction and his right to a fundamentally fair trial were violated." (#44 at p. 2)

The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court of appeals may entertain an appeal. *Slack v. McDaniel,* 529 U.S. 473, 482, 120 S.Ct. 1595, 1603 (2000). Title 28 U.S.C. § 2253 limits the right of appeal to cases in which "a circuit justice or judge issues a certificate of appealability . . . in a habeas corpus proceeding in which the detention arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

In *Slack*, the Supreme Court addressed the requirements a petitioner must meet to satisfy § 2253(c). The Court stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. at 484.

After careful consideration, the Court finds that a reasonable jurist could not conclude that the Court erred in dismissing Petitioner's claims as procedurally defaulted. In this case, the procedural bar is plain. On direct appeal of his conviction, the Arkansas Supreme Court dismissed Petitioner's sufficiency of the evidence claim on procedural grounds because the argument was not preserved for appeal. *Smith v. State*, 367 Ark. 274, 282-87, 239 S.W.3d 494, 501 (2006). It also dismissed his failure to instruct claim on procedural grounds for Petitioner's failure to substantiate the claim with any argument or authority in his appellate brief. *Id*.

After the Arkansas Supreme Court affirmed his conviction on direct appeal, Petitioner attempted to file a petition for post-conviction relief with the trial court. The trial court dismissed the petition, which included Petitioner's ineffective assistance of counsel claims, on procedural grounds because Arkansas Rule of Criminal Procedure 37.1(d) requires a petitioner to verify a Rule 37 petition and the petition filed by Petitioner was not verified within the time allowed under Rule 37. *Smith v. State*, No. CR 07-241, 2007 WL 1448707 at *1 (May 17, 2007); see *Hunt v. Houston*, ___ F.3d ___, 2009 WL 1078314 at *7 (8th Cir. 2009) (holding federal courts may not review claims the state court has refused to consider because of petitioner's failure to satisfy a state procedural requirement unless the procedural rule is not firmly established and regularly followed). Petitioner has not claimed that the procedural rules the state courts applied to his case were not firmly established or regularly followed.

3

Petitioner claims that Arkansas Rule of Criminal Procedure 37.1(d) is unconstitutional, however Petitioner never raised this issue in an appeal to the Arkansas Supreme Court.  Consequently, it is defaulted.  Additionally, Petitioner never raised a Federal Constitutional claim with the state courts regarding evidence of "prior bad acts" admitted at trial.  Consequently, Petitioner's claims are plainly barred unless he can establish cause and prejudice.

In his motion for COA, Petitioner again argues that the Respondent's failure to have more than two copies of the 2006 Arkansas Court Rules in the prison library and the Benton County Circuit Clerk's filing of his unverified petition caused his default. A reasonable jurist, however, could not conclude that these circumstances constitute cause for Petitioner's default.  This Court is not unsympathetic to Petitioner's claim that his trial and appellate counsel caused the defaults at trial and on direct appeal; however, this Court cannot consider that claim because the state courts have held, based on firmly established and regularly followed procedural rules, that Petitioner's ineffective assistance of counsel claims are procedurally barred.

Accordingly, the Motion for Certificate of Appealability (#44) is DENIED.

IT IS SO ORDERED, this 30th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE